RECEIVED

OCT 15 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT                              a
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

KAMALUDEN A. GIWA (#05322-112)   DOCKET NO. 14-CV-2827, SEC. P

VERSUS                           JUDGE DRELL

WARDEN                           MAGISTRATE JUDGE KIRK

REPORT AND RECOMMENDATION

Pro se Petitioner Kamaluden A. Giwa, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary in Pollock, Louisiana.  Petitioner attacks his classification by the Bureau of Prisons based on the criminal history of his presentence report in the United States District Court for the District of Nevada.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Procedural Background*

Petitioner was charged along with eight other individuals in a fifteen-count indictment alleging various fraud-related offenses. After the district court denied Giwa's pretrial motion to suppress evidence seized during a search of his apartment, he pled guilty to counts one through fourteen of the indictment and was sentenced to serve a total of 150 months of imprisonment. Notwithstanding his waiver of his right to appeal the sentence pursuant to the plea agreement, he appealed to the Ninth Circuit.  His sentence was

affirmed on June 15, 2009.  U.S. v. Giwa, 339 Fed.Appx. 682 (9th Cir. 2009).  He did not seek writs in the United States Supreme Court.

Petitioner filed a Motion to Vacate Sentence pursuant to 28 U.S.C. §2255, which was denied on December 15, 2010.  The Ninth Circuit Court of Appeals denied Giwa's request for certificate of appealability on November 23, 2011. [Docket #11-15081, 9th Cir., #11]

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 in this court on May 1, 2012.  The petition was dismissed for lack of jurisdiction, as it was a second or successive petition filed without authorization from the appellate court.  [1:12-cv-1044 W.D.La.]

Petitioner filed the instant motion under §2241 challenging his classification by the Bureau of Prisons, which is based on the criminal history score assigned to him in the Presentence Investigation Report.  He claims that his criminal history score is incorrect.

### Law and Analysis

A writ of habeas corpus filed under §2241 and a motion to vacate, set aside, or correct a sentence filed under §2255 are "distinct mechanisms for seeking post-conviction relief." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).  Section 2255 provides the primary means of collaterally attacking a federal conviction

and sentence.  See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000).  Section 2241 is generally used to attack the manner in which a sentence is executed. Id.  A petition filed under §2241 that attacks errors that occurred at trial or sentencing should be dismissed or construed as a §2255 motion.  See id. at 877-78.

Petitioner complains of an error in his Presentence Investigation Report, specifically with regard to his criminal history points, which has affected his custody classification.

1.    Presentence Investigation Report Error

To the extent that Petitioner seeks to correct an error in his Presentence Investigation Report, he is raising an error that occurred at or before sentencing, as opposed to the manner in which is sentence is being executed.  Although "a section 2241 petition that seeks to challenge a federal sentence or conviction – thereby effectively acting as a section 2255 motion – may be entertained when the petitioner establishes that the remedy provided for under section 2255 is inadequate or ineffective," Pock v. Yusuff, 218 F.3d at 452, this "savings clause" applies only to a claim that (1) is "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first §2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).  The Fifth Circuit has

made clear that "§2241 is not a mere substitute for §2255 and ... the inadequacy or inefficacy requirement is stringent." Id. at 901; see also Pack v. Yusff, 218 F.3d at 452 (holding that the §2255 remedy may be found ineffective or inadequate "only in extremely limited circumstances").  Furthermore, the petitioner bears the burden of proving the inadequacy or ineffectiveness of a §2255 motion.  Id.; Pack v. Yusuff, 218 F.3d at 452.

Neither a prior unsuccessful §2255 motion nor the inability to meet §2244(b)(3)'s second or successive motion requirement renders §2255 inadequate or ineffective.  See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001).  Indeed, "[a] ruling that the section 2255 remedy was inadequate or ineffective, such that a petitioner could invoke section 2241, simply because the petitioner's prior Section 2255 motion was unsuccessful or barred, or because he could not file another motion, would render those procedural requirements a nullity and defy Congress's clear attempt to limit successive habeas petitions."  Pack v. Yusuff, 218 F.3d at 453.

To the extent that Petitioner's claim could be construed as a motion under §2255, this Court would be without jurisdiction to do so.  First, Petitioner was sentenced in the United States District Court for the District of Nevada.  See Ojo v. Immigration and Naturalization Service, 106 F.3d 680, 683 (5th Cir. 1997)("Although a §2241 petition attacking matters within the province of §2255 should be construed as a §2255 petition, ... a court without

4

jurisdiction to hear a §2255 petition can hardly be expected to do that."); <u>Adesoye v. Batts</u>, --- Fed.Appx. ----, 2014 WL 309197 (5th Cir.(Tex.) Jan 29, 2014)(NO. 13-10543)(<u>citing</u> <u>Solsona v. Warden, F.C.I.</u>, 821 F.2d 1129, 1132 (5th Cir. 1987)).  Second, Petitioner has previously filed a motion under §2255, has not demonstrated that his remedies under §2255 were inadequate, and has not obtained permission to file a second or successive §2255 motion.  See <u>Felker v. Turpin</u>, 518 U.S. 651, 664 (1996)(finding that the Antiterrorism and Effective Death Penalty Act of 1996 requires dismissal of a second or successive petition unless the petitioner has obtained "leave from the court of appeals before filing a second habeas petition in the district court").

2.   **Custodial Classification**

To the extent that Petitioner does not challenge his sentence, or seek to correct an error in his Presentence Investigation Report, but only seeks to change his custodial classification, his claim still fails.  First, a challenge to custodial classification is not a challenge to the Bureau of Prisons' execution or calculation of his federal sentence; *it does not have any impact on the fact or duration of petitioner's confinement*.  See <u>Henrickson v. Guzik</u>, 249 F.3d 395, 397 n. 4 (5th Cir. 2001)(subject matter jurisdiction not present under 28 U.S.C. §2241 when a petitioner is not challenging the fact or duration of confinement).  There is no jurisdiction under §2241 for a claim challenging classification.

Moreover, inmates have neither a protectable property nor liberty interest in custodial classification. See Harper v. Showers, 174 F.3d 716, 719 (5th Cir.1999); Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir.), cert. denied, 488 U.S. 985, 109 S.Ct. 540, 102 L.Ed.2d 570 (1988).  Prison systems have broad discretion in the classification of inmates, and the federal courts will not interfere with classification decisions except in extreme circumstances. See Jackson v. Cain, 864 F.2d 1235 (5th Cir.1998); Young v. Wainwright, 449 F.2d 338 (5th Cir.1971). A prisoner has no inherent constitutional right to any particular classification or custody level. Wilson v. Budney, 976 F.2d 957, 958 (5th Cir.1992). Absent evidence of abuse, the classification of prisoners is a matter left to the discretion of prison officials. See McCord v. Maggio, 910 F.2d 1248, 1250 (5th Cir.1990). Petitioner has failed to show either a protected liberty interest or an abuse of discretion with regard to his classification.

### Conclusion

Therefore, for the forgoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED for lack of jurisdiction.**

### Objections

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific,

written objections with the clerk of court.   No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.   Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, on this 15th day of October, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE